BLD-292                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1795
_____

CRAYTON EVERTON REYNOLDS,
                                        Appellant

v.

DEPARTMENT OF HOMELAND SECURITY CITIZENSHIP AND IMMIGRATION
SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:13-cv-00036)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 20, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: July 3, 2013)
_____

OPINION
_____

PER CURIAM

Crayton Everton Reynolds, a citizen of Jamaica, is a federal prisoner at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania.[1]  In 2013, Reynolds filed a "Petition for U.S. Citizenship" pursuant to 8 U.S.C. § 1447(b), claiming that the United States Citizenship and Immigration Services (USCIS) had failed to act on his naturalization application (which was allegedly filed in 2006).  He requested that the District Court grant him United States citizenship, or, in the alternative, order USCIS to process his application and/or grant him citizenship.  The District Court denied his requests and dismissed the petition.

Reynolds appeals.  We have jurisdiction under 28 U.S.C. § 1291 and conduct plenary review of decisions based on subject-matter jurisdiction and other questions of law.  See Nuveen Mun. Trust v. Withumsmith Brown, P.C., 692 F.3d 283, 293 (3d Cir. 2012) (citation omitted); see also Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc) ("We may affirm the District Court on any grounds supported by the record.").

We agree with the District Court that it lacked subject-matter jurisdiction under 8 U.S.C. § 1447(b).  By its plain language, the statute provides jurisdiction for the District Court to consider citizenship matters "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted."  8 U.S.C. § 1447(b).  In other words, § 1447(b) contains no

---

[1] Reynolds pleaded guilty to drug-related crimes and received a five-year sentence.  See United States v. Reynolds, E.D. Pa. Crim. No. 2:09-cr-00823.

basis for action if the applicant has not yet been "examined" in connection with his citizenship application. And the statute's language "suggests that the examination is a distinct, single event[:] the date on which the interview occurs." Walji v. Gonzales, 500 F.3d 432, 436 (5th Cir. 2007); see also Duran-Pichardo v. Att'y Gen., 695 F.3d 282, 286 (3d Cir. 2012); Etape v. Chertoff, 497 F.3d 379, 386 (4th Cir. 2007) ("The 120-day period under § 1447(b) does not even begin to run until after the initial naturalization examination . . . ."); United States v. Hovsepian, 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc). Without the presence of an eligibility examination, the District Court lacks jurisdiction under the statute. See Ajlani v. Chertoff, 545 F.3d 229, 237 (2d Cir. 2008), distinguished on other grounds by Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 259 n.7 (3d Cir. 2012).

While Reynolds's petition is somewhat vague, he strongly implied that he never received an interview. See, e.g., Pet. 3–4 (explaining that his interview was cancelled in 2007 and that attempts to reschedule were for naught). Reynolds provided no contrary information about an interview below. Nor has he done so on appeal, despite being afforded time to do so (and despite being informed of this defect in his petition by the District Court). Accordingly, we conclude that the District Court correctly dismissed the application under § 1447(b) for lack of jurisdiction.

Alternatively, Reynolds's petition can be read to invoke the District Court's mandamus authority (under 28 U.S.C.S. § 1361) or the provisions of the Administrative Procedure Act (5 U.S.C. § 706(1)). See, e.g., Ali v. Frazier, 575 F. Supp. 2d 1084, 1090

3

(D. Minn. 2008). The District Court appears to have held that Reynolds's status as a prisoner defeated any nondiscretionary duty that might have been owed to him by the USCIS. We need not reach that question, however, because Reynolds is currently in removal proceedings, and "a district court cannot order the Attorney General to naturalize an alien who is subject to pendent removal proceedings." Gonzalez, 678 F.3d at 259; see also 8 U.S.C. § 1429. The District Court could not order or hasten, whether via the Administrative Procedure Act or mandamus, relief that the USCIS is statutorily barred from granting.[2]

As this appeal presents no substantial question, we will summarily affirm the judgment of the District Court.[3] See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[2] Removal proceedings may have formally commenced after the Magistrate Judge issued his Report and Recommendation, but before the District Court adopted it. Thus, by the time it issued its order, the District Court could not have granted relief.

[3] Our decision is without prejudice to Reynolds's ability to pursue a defensive claim of citizenship in his removal proceedings or an affirmative application subject to the statutory requirements and limitations. See Rios-Valenzuela v. Dep't of Homeland Sec., 506 F.3d 393, 396–97 & n.4 (5th Cir. 2007) (describing the different ways a person can assert a claim of citizenship).